UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARTHUR MANNING,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )          No. 4:11CV2060 RWS- TIA
                                   )
MICHAEL BOWERSOX,                  )
                                   )
            Respondent,            )
                                   )

## ORDER AND RECOMMENDATION

This matter is before the Court on the *pro se* petition of Missouri state prisoner

Arthur Manning (hereinafter "Manning or "Petitioner") for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   A jury convicted Petitioner of robbery in the first

degree and armed criminal action in violation of Mo. Rev. Stat. § 569.020.1 for

stealing a cash box during a church fundraiser.   Petitioner was sentenced to

concurrent terms of life imprisonment and twenty five years.

Seeking federal habeas relief, Petitioner asserts that trial counsel was

ineffective: (1) for failing to argue that the evidence was insufficient to support a

conviction for first-degree robbery; (2) for failing to object when the trial judge fell

asleep during the testimony of a state's witness; (3) because she was distracted by

her own legal problems; (4) for failing to failing to argue that the jury instructions

with respect to the first-degree robbery charge were erroneous and (5) that trial counsel was ineffective for failing to request that the jury be given a lesser included offense instruction relating to second degree robbery and stealing.

As additional grounds for habeas relief Petitioner asserts deprivations of due process arising from the actions of the trial judge. Specifically, he asserts that the trial judge: (6) failed to submit a lesser-included-offense instruction for second-degree robbery and stealing; (7) fell asleep during the testimony of a state's witness; and (8) failed to require Petitioner's attorney to withdraw despite the fact that he knew she had legal problems.

Petitioner further alleges that his constitutional rights were violated by (9) the prosecutor's assertion that the jurors could identify Petitioner in the videotape of the crime; (10) the prosecutor's erroneous explanation during *voir dire* of the presumption of innocence; (11) the prosecutor's statement in closing argument that a "mini sledge hammer" was a dangerous instrument capable of causing serious physical injury; and (12) the prosecutor's statement in closing argument that Petitioner had been a robber since the 1970's and that two sheriff's deputies told Petitioner that "the only thing hurting him was his past."

Finally, Petitioner asserts that post-conviction counsel was ineffective (13) for failing to amend Petitioner's post-conviction motion to include a claim that sentencing counsel was ineffective for failing to present Petitioner's sleep disorder as mitigating evidence at sentencing.

Respondent contends that Grounds 1 through 4 and 6 through 13 are procedurally defaulted either because Petitioner abandoned them in his request for post-conviction relief or failed to raise them in any state court proceeding. Respondent further contends that even if Petitioners' alleged grounds for habeas relief were not procedurally barred, each ground discussed here also fails for lack of merit.

Therefore, for the reasons set forth below, Petitioner's request for federal habeas relief will be denied.

## I. __Background and Trial__

The case was tried to a jury in just over three days commencing on April 30, 2007.

The Missouri Court of Appeals summarized the portions of the *voir dire* pertinent to petitioner's claims in this action as follows:

> During *voir dire* the prosecution asked prospective jurors if they were familiar with St. Vincent's Church on Park Ave.  Venireperson Ebony Weston, ("Ms. Weston") raised her hand and stated to the judge, the

> State and jury pool: "I don't know [Petitioner] but I know of him. He's a drug addict that travels through–"
>
> Immediately the State interrupted and asked whether Ms. Weston could approach the bench. Ms. Weston was allowed to approach counsel for a sidebar conference and continued outside the hearing of the jury pool: "[w]e hang out by the church where he did the crime and he's like a local crack head or whatever. And he comes back and forth through the neighborhood. And you know I don't want nothing to do with that. I know like a couple of his nieces."
>
> The court told Ms. Weston not to speak to anyone on the jury panel and not to answer any additional questions even if they applied to her. Defendant's counsel moved for a mistrial based statement that Ms. Weston made to the entire jury panel on the grounds that it was unduly prejudicial. Defendant argued that Ms. Weston had tainted the entire panel. The State argued that it "cut her off" as soon as she mentioned he was a drug addict and remaining statements were made outside the hearing of the jury.
>
> The court overruled the motion for mistrial and continued with *voir dire*. Ms. Weston did not sit on the jury.

Resp. Exh. E. at 2-3; *see also* Resp. Ex. A-1 at 34-40.[1]

The record also indicates that during *voir dire* the prosecutor told the jury that "the defendant is presumed to be innocent until the State brings forth evidence and proves him guilty." Resp. Ex. A at 49. In response to the statement Petitioner's attorney objected and asked that the prosecutor replace the word "until" with "unless." *Id*. The prosecutor then did so. *Id*.

---

1    Respondent's exhibits are file d as attachments to ECF. No. 8 and described in ECF No. 8-1.

With respect to the evidence that Petitioner committed the crime, the Missouri Court of Appeals summarized the testimony of witnesses, Janice Bent and Jennifer Mayberry, as follows:

> [Bent and Mayberry] testified that they chased [Petitioner] out of the church in an attempt to retrieve the box of money [Petitioner] was removing from the church. Their testimony established that [Petitioner] dropped the cash box in the parking lots and as he bent down to retrieve it he pulled out a hammer and swung it at Bent's head. At this time Bent testified she stopped chasing movant out of fear for her life. After Bent and Mayberry stopped pursuing [Petitioner] he picked up the cash box and continued to flee on foot. A third witness, Mr. Mark Knollhoff, also testified that [Petitioner] had a mini sledge hammer in his hand while fleeing. The testimony clearly establishes that [Petitioner] used the hammer as a deadly weapon to retain possession of the cash box while the robbery was occurring and at no time did [Petitioner] abandon the property.

Resp. Ex. K at 3-4.

The jury found Manning guilty of both charges and he was sentenced as a prior and persistent offender to concurrent terms of life imprisonment for robbery in the first degree and twenty five years for armed criminal action.

## II.   Direct Appeal

On direct appeal, Petitioner argued that the trial court abused its discretion by overruling trial counsel's request for a mistrial when Ms. Weston, announced within the hearing of the entire venire panel that she knew Defendant was "a drug addict."

On June 24, 2008, the Missouri Court of Appeals affirmed Petitioner's conviction without issuing a formal opinion. The appellate court concluded that the trial court was in the best position to determine the impact of the venire person's statement on the other members of the venire panel and that Ms. Weston's statements were not so inflammatory or prejudicial as to infringe Petitioner's right to fair trial. Resp. Ex. E at 4. The appellate court further held that the trial court's denial of the motion was not so arbitrary and unreasonable as to shock the conscience. *Id.*

In reaching its conclusions, the Missouri Court of Appeals reviewed other Missouri cases in which a venire person had accused a defendant of prior bad acts within the hearing of the other members of the venire. The appellate court relied upon precedents holding that a single remark by a venire person alleging prior bad acts was insufficient to warrant a mistrial if it was followed by a curative instruction. In addition, the appellate court noted that although the remark at issue was arguably more egregious than those considered in the cited cases, it did not directly implicate Manning with respect to the charged offense of robbery. In addition, the appellate court noted that Manning had not demonstrated that he was prejudiced as a result of the remark. Resp. Ex. E at 6. The appellate court also rejected Manning's argument that the venire person's remark made him appear to be "the sort of person

that would snatch a church's cashbox," and observed that Manning could have requested a less drastic remedy than mistrial such as a curative instruction or dismissal of the venire panel but that he failed to do so. Finally, the Missouri Court of Appeals held that the trial court had not abused its discretion in denying the motion for mistrial.

### III.    <u>State Post - Conviction Proceedings</u>

In his *pro se* Rule 29.15 motion for state post-conviction relief Petitioner asserted that counsel was ineffective (1) for failing to argue that the evidence was insufficient to support a conviction for first-degree robbery; (2) for failing to object when the trial judge fell asleep during the testimony of a state's witness; (3) because counsel was distracted by her own legal problems; and (4) for failing to failing to argue that the jury instructions with respect to the first-degree robbery charge were erroneous. Resp. Exh. F. at 8.

In the amended the Rule 29.15 motion filed after the appointment of post-conviction counsel, the four grounds set forth above were not raised. Petitioner raised only one ground – that trial counsel was ineffective for failing to request that the jury be given a lesser included offense instruction relating to second degree robbery and stealing. *Id.* at 19-31.

The Missouri Court of Appeals denied the amended Rule 29.15 motion without evidentiary hearing. *Id.* In its opinion denying the motion, the Missouri Court of Appeals cited *State v. Thomas*, 161 S.W. 3d 377, 380 (Mo. 2005) (holding that under Missouri law a lesser included offense instruction must be offered only if the evidence provides a basis for both an acquittal of the greater offense and conviction of the lesser offense and the lesser included offense instruction is requested by one of the parties), and determined that there had been no error with respect to the failure to give the lesser included offense instruction because the evidence at trial supported the first degree robbery charge and did not support the lesser included offenses of second degree robbery or stealing. Resp. Exh. F. at 19-31.

On appeal from the denial of post-conviction relief, Petitioner reasserted his claim that trial counsel was ineffective for failing to request that the jury be given a lesser included offense instruction relating to second degree robbery and stealing. On March 22, 2011, the Missouri Court of Appeals affirmed the denial of the post-conviction motion without issuing a formal opinion. Resp. Exh. I & K. In the informational memorandum accompanying its order of affirmance, the appellate court concluded that the motion court had not clearly erred in concluding that defense counsel who did not request or object to the omission of the lesser included

offense instruction acted within the bounds of reasonable trial strategy.   Resp. Exh.
I & K at 2.

## IV.    <u>Habeas Standard of Review</u>

Where a claim has been adjudicated on the merits in state court, the
Antiterrorism and Effective Death Penalty Act of 1996, provides that application for
a writ of habeas corpus cannot be granted unless the state court's adjudication   "(1)
resulted in a decision that was contrary to, or involved an unreasonable application
of, clearly established Federal law, as determined by the Supreme Court of the
United States; or (2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the State court
proceeding. . . ." 28 U.S.C. § 2254(d)(1) &(2).

The "contrary to" clause is satisfied if a state court has arrived at a conclusion
opposite to that reached by the Supreme Court on a question of law or confronting
facts that are materially indistinguishable from a relevant Supreme Court precedent,
reaches the opposite result.  *Strong v. Roper*, 737 F.3d 506, 510 (8th Cir. 2013);
*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).   A state court "unreasonably applies"
clearly established federal law when it "identifies the correct governing legal
principle from [the Supreme] Court's decisions but unreasonably applies that
principle to the facts of the prisoner's case."   *Williams v. Taylor*, 529 U.S. 362, 413

(2000).   Factual determinations made by a state court are presumed correct, 28

U.S.C. § 2254(e)(1), and will stand unless the petitioner rebuts this presumption

with clear and convincing contrary evidence.   *Grass v. Reitz*, 749 F.3d 738, 743

(8th Cir. 2014).   Similarly, a state court's credibility findings are afforded great

deference.   *Id*. at 744; *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc).

## V.      Procedural Bar

*A. Applicable Law*

Pursuant to 28 U.S.C. § 2254, before pursuing a federal habeas corpus claim

in a federal district court, a state prisoner must first exhaust all state law remedies

related to those claims.   *See* 28 U.S.C. § 2254(b)(1)(A).   A state prisoner has not

exhausted his remedies unless he no longer "has the right under the law of the State

to raise, by any available procedure, the question presented."   28 U.S.C. § 2254(c).

In addition to the lack of a remaining state procedure, "exhaustion" requires a

petitioner to have fairly presented the substance of each federal habeas ground to the

trial and appellate courts.   *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

If the petitioner has not previously presented the substance of a habeas claim and has

no available procedure for doing so because he has defaulted with respect to

legitimate state requirements, federal courts are barred from considering such a

ground for habeas relief.   *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir .2011); *King v.*

*Kemna*, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); *Sweet v. Delo*, 125 F.3d 1144, 1149–50 (8th Cir.1997) (concluding that a petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court). A habeas petitioner who has not exhausted all state remedies with respect to a particular claim for relief is said to have defaulted on the claim. The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. *See Murray v. Carrier*, 477 U.S. 478, 490–92 (1986).

In order to overcome default, a petitioner must demonstrate "cause and prejudice" or a "manifest injustice," demonstrated by **"newly** discovered evidence of actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B. Petitioner's Procedurally Barred Grounds for Relief: Grds1-4 and 6-13.

The record indicates that Petitioner raised Grounds 1-4 in his *pro se* 29.15 motion, Resp. Ex. F at 8, but that these grounds were not included in his amended 29.15 motion, *id*. at 19-31, or on appeal from the denial of his post-conviction motion. Resp. Ex. I and K. The undersigned therefore concludes that Petitioner's abandonment of Grounds 1-4 constitutes default of those claims. *Sweet*, 125 F.3d at 1150.

In addition, the record indicates that Petitioner failed to raise Grounds 6 through 13-at any point in his state proceedings. Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper state procedure for litigating Grounds 6 through 13 is now available to Petitioner. *See* Mo. Sup.Ct. R. 29.15(b) (providing that a motion for post-conviction relief must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup.Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

Petitioner does not contend that he was unaware of claims 1-4 and 6-13 at the time the amended Rule 29.15 motion was filed. He simply failed to pursue them at that time. The fact that the amended Rule 29.15 motion was filed with the assistance of appointed post- conviction counsel does not alter this result. Petitioner does not assert that post-conviction counsel was ineffective in this regard and the decision of appointed post - conviction counsel not to include certain grounds for relief in an amended Rule 29.15 motion does not of itself constitute cause. *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005). "[A]ttorney error that results in a procedural default" is not cause unless the attorney's performance

was constitutionally deficient. *Armstrong*, 418 F.3d at 927(quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). And the Eighth Circuit Court of Appeals has consistently understood *Coleman v. Thompson,* 501 U.S. 722 (1991) and its progeny to stand for the proposition that there is no Sixth Amendment right to the effective assistance of all post-conviction counsel. *See, e.g., Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir.1992)

Not only has Petitioner defaulted with respect to Grounds 1-4 and 6-13, but he also has not demonstrated either "cause and prejudice" or a "manifest injustice," *i.e.,* newly discovered evidence of actual innocence, to overcome his default. *Coleman*, 501 U.S. at 750. Having concluded that Petitioner is procedurally barred from pursuing Grounds 1-4 and 6-13, the undersigned will nonetheless consider the possibility that Petitioner could demonstrate a basis for relief even if these grounds were not procedurally barred.

## VI.    Ineffective Assistance of Trial Counsel (Grounds 1-5)

To be entitled to relief on a claim that trial counsel was ineffective, a petitioner must show: (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 & 694 (1984).

When evaluating a claim of ineffective assistance, a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance applies. Id. at 689. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690. And "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). Review of a state court's application of *Strickland* is highly deferential and "the range of reasonable applications is substantial." *Harrington v. Richter*, 562 U.S. 86, 105, 131 at 770, 788 (2011). Therefore, "establishing that a state court's application of *Strickland* was 'unreasonable' under § 2254(d) is all the more difficult." *Id*. Thus, in order to prevail, a habeas petitioner must show that there is "no reasonable argument that counsel satisfied *Strickland*'s deferential yes standard," a "doubly" deferential standard of review. *Id*.

A. *Ground One*

Petitioner first contends that counsel was ineffective for failing to argue that the evidence presented a trial was insufficient to support a conviction of first-degree robbery. ECF No. 1 at 6. The undersigned concludes that this claim is without merit because Petitioner cannot show that he was prejudice by the failure to make this argument.

First, the record indicates that after the State rested and after the close of all evidence, Petitioner's trial counsel moved for judgment of acquittal on the ground that the evidence presented was insufficient to support a conviction. Resp. Ex. A-3

at 415-16; 424-25; Resp. Exh. B at 58, 60.   Therefore, Petitioner's contention that trial counsel failed to argue the insufficiency of the evidence is simply incorrect.

In addition, upon review of the record, the undersigned is satisfied that the trial court did not err in concluding that there was sufficient evidence to support the elements of the offense.   Under Missouri law, the elements of first-degree robbery are "forcibly steal[ing] property" and "display[ing] or threaten[ing] the use of what appears to be a deadly weapon or dangerous instrument.   Mo.Rev.Stat. §569.020.1 (Cum. Supp. 2007).   "Stealing" is defined as "appropriate[ing] the property … of another with the purpose to deprive him or her thereof … without his or her consent."   Mo.Rev.Stat. §570.030.1 (2000).   "Forcibly stealing" occurs where, in the course of stealing, a defendant "uses or threatens the immediate use of physical force upon another person for the purpose of: (a) preventing or overcoming resistance to the taking of the property or the retention thereof immediately after the taking …. "   Mo.Rev.Stat. §569.010(1) (2000).   A "dangerous instrument" is "any instrument . . . which, under the circumstances, is readily capable of causing death or other serious physical injury."   Mo.Rev.Stat. §566.061(8) (2000).

There was ample evidence presented at trial to support each of these elements. Uncontroverted testimony on the record indicates that Petitioner stole a box of money from a church.   Resp. Ex. K at 3.   Two church workers pursued him, and

during the pursuit, he dropped the cash box and removed a "mini sledge hammer" from his pocket and swung it at the head of one of the workers. *Id.*

### B. *Ground Two*

In Ground Two, Petitioner contends that trial counsel was ineffective for failing to object when the trial judge fell asleep twice during the testimony of a state's witness. Upon review of the record, the undersigned concludes that the Ground 2 also fails on the merits.

First, the record before the undersigned provides no support for Petitioner's assertion that the trial judge fell asleep at any point during the trial. Moreover, even if the undersigned assumes that such an objection should have been made, Petitioner cannot show, in light of the overwhelming evidence of record against him, that he was prejudiced by counsel's failure to object. *See McReynolds v. Kemna*, 208 F.3d 721, 724 (8th Cir.2000) (holding that counsel does "not act outside the spectrum of professionally reasonable performance in failing to urge [claims that are] unlikely to succeed").

### C. *Ground Three*

Petitioner further contends that trial counsel was ineffective because she was distracted by personal legal problems. Apart from the other claims of ineffective

assistance (Grounds1, 2, 4 and 5) separately addressed and rejected here, Petitioner does not identify anything that trial counsel did or failed to do as a result of her alleged distraction.   Therefore, the undersigned finds no independent basis from which a court could conclude that counsel acted ineffectively due to distraction arising from her personal legal problems.   Petitioner has not established a reasonable probability that the result of the proceeding would have been different had counsel not been distracted by personal legal problems.   *See Harrington*, 562 U.S. at 111-12(noting that "[a]reasonable probability is a probability sufficient to undermine confidence in the outcome.   It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding") (internal quotations omitted).   Therefore, Ground 3 provides no basis for habeas relief.

D. *Ground Four*

In Ground Four Petitioner asserts that trial counsel erred by failing to argue that the submitted jury instructions with respect to the first degree robbery charge were erroneous.   The record reveals, however, that first-degree robbery instructions submitted to the jury are identical to the Missouri pattern instructions for that offense.   *Compare* Resp. Ex. B at 67 *with* Missouri Approved Instruction (3d) 323.02.   Therefore, it was not unreasonable for trial counsel to fail to object to the use of that instruction.   *See Burton v. Dormire*, 295 F.3d 839, 846 (8th Cir.2002)

(holding that counsel cannot be faulted for failing to raise an issue if no relief could possibly have been obtained); *Smith v. Armontrout*, 888 F.2d 530, 545 (8th Cir.1989) (concluding that counsel cannot be said to be ineffective for failing to pursue a matter upon which there is no reasonable likelihood of success). Moreover, a Missouri appellate court would not have found plain error when the trial court utilized a pattern instruction approved by the Missouri Supreme Court. A Missouri appellate court would not have found plain error when the trial court utilized an instruction approved by the Missouri Supreme Court.

### E. *Ground Five*

Petitioner's claim under Ground 5 is not procedurally barred and will be considered on the merits.

Petitioner asserts as a ground for habeas relief trial counsel's failure to request or object to the trial judge's failure to submit a lesser-included-offense instruction for second-degree robbery and stealing. Looking to the merits of this claim, the undersigned finds that it was reasonable for the Missouri Court of Appeals to conclude that trial counsel was not ineffective for failing to raise the lesser-included offense issue. Trial counsel made a deliberate, objectively reasonable strategic decision not to seek lesser-included instructions that would be inconsistent with that defense. *See also Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir.1997) (concluding

18

"that trial counsel's decision not to request the lesser-included offense instructions was reasonable trial strategy) because the instructions would have been inconsistent with [other aspects of the petitioner's] . . . defense").   Accordingly, the petition will be denied with respect to Ground 5.

## VII.   Conduct of the Trial Judge (Grounds 6-9)

Generally, a petitioner may obtain habeas relief due to alleged errors by the trial judge only if he can demonstrate "actual prejudice," *i.e.*, that the asserted trial error "had substantial and injurious effect or influence in determining the jury's verdict."   *United States v. Clay*, 720 F.3d 1021, 1027(8th Cir. 2013) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 629, 637, 113 1710, 123 L.Ed.2d 353 (1993) (internal quotation omitted)).

### *Ground Six*

Petitioner asserts as a ground for habeas relief the trial judge's failure to submit a lesser-included-offense instruction for second-degree robbery and stealing. With respect to this ground the undersigned notes that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See*

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Taylor v. Bowersox*, 329 F.3d 963, 968 (8th Cir. 2003) (holding that "[a] state's interpretation of its own law is virtually unreviewable by a federal court").

In this case Petitioner cannot demonstrate that the state court's determination that the trial court properly denied the request for a lesser included offense instruction was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. In addition, to the extent that Ground Six amounts only to an assertion that the state court violated state law it does not provide a basis for federal habeas relief. *See Lupien v. Clarke* , 403 F.3d 615, 619 (8th Cir. 2005) (holding that the finding of the state court with respect to state law is binding on a federal court sitting in habeas review)*Taylor*, 329 F.3d at 968. For these reasons, Ground Six fails on the merits

B. *Ground Seven*

Petitioner also cites as a basis for habeas relief his claim that the trial judge fell asleep during the testimony of a state's witness. As noted above, the record is devoid of any indication that the trial judge fell asleep at any point during the trial. Moreover, even if the Court assumes that the judge fell asleep, Petitioner has not shown how he was prejudiced by this behavior. Moreover, in light of the overwhelming evidence of record against him the undersigned concludes that

Petitioner could not demonstrate that another outcome would have been more likely than not if the judge had not fallen asleep. For this reason the court concludes that Ground 7 must fail.

## C. *Ground Eight*

Petitioner next alleges that the trial judge erred in not requiring Petitioner's attorney to withdraw despite the fact that he knew she was distracted by personal legal problems. However, as discussed above with respect to Ground 3, Petitioner has not demonstrated prejudice arising from trial counsel's continued representation of him despite her personal legal problems. Therefore, in the absence of legitimate claim of prejudice this ground for relief also fails. *See Liteky v. United States*, 510 U.S. 540, 555(1994).

## VIII.  The Prosecutor's Conduct (Grounds 9-12)

With respect to habeas review of claims alleging a prosecutor's conduct, the "clearly established Federal law" relevant here is the principle that a prosecutor's improper comments will be held to violate the Constitution only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parker v. Matthews*, ------U.S. -------, 132 S. Ct. 2148, 2153-54 (2012) (quoting *Darden v. Wainwright*, 477 U.S. 168, 106 S .Ct. 2464, 91 L.Ed.2d 144

(1986))(internal quotations omitted.    Conduct of a less egregious nature does not give rise to a due process violation.  *Jackson v. Virginia*, 443 U.S. 307, 324, 99 2781, 61 L.Ed.2d 560 (1979); *see also Dansby v. Hobbs*, 766 F.3d 809, 817-18 (8th Cir. 2014).

### A. *Ground Nine*

Petitioner raised this claim concerning the prosecutor's argument to the jury that they could identify Petitioner on the videotape of the crime in his *pro se* motion for post-conviction relief but it was not raised in his amended post- conviction motion or on appeal from denial of that motion.   His abandonment of the claim constitutes procedural default.   *Sweet*, 125 F.3d at 1150.   Moreover, even if Petitioner had not defaulted on the claim the prosecutor's statements concerning what the videotape would show were clearly offered as argument and were not they "so infected the trial with unfairness as to make the resulting conviction a denial of due process."   *Parker*, 132 S. Ct. at 2153-54 (internal quotation omitted).   Given the juror's ability to assess the videotape for themselves there is no basis on a due process violation could be found here.

### B. *Ground Ten*

Petitioner also alleges as a ground for habeas relief that the prosecutor incorrectly explained the presumption of innocence to the jury during *voir dire*. The record indicates that the prosecutor told the jury that "the defendant is presumed to be innocent until the State brings forth evidence and proves him guilty." Resp. Ex. A at 49. In response to the statement Petitioner's attorney objected and asked that the prosecutor replace the word "until" with "unless." *Id*. The prosecutor then did so. *Id*.

Upon review of the record the undersigned concludes that even if this claim were not barred, Petitioner would be unable to demonstrate prejudice arising from the prosecutor's inartful statement of the presumption of innocence. The prosecutor promptly corrected the error when Petitioner's counsel objected. In addition and more importantly, at the close of the evidence the trial court properly instructed the jury that Petitioner "was presumed to be innocent, unless and until" the jury found him guilty after deliberations. Resp. Ex. B at 66. In light of these circumstances, the Court is satisfied that Petitioner cannot demonstrate prejudice arising from the prosecutor's statement.

C. *Grounds Eleven and Twelve*

Petitioner also argues that his constitutional rights to due process were violated by the prosecutor's statements in closing argument (11) that a sledge hammer was "a dangerous instrument" that could cause serious physical injury; and (12) that Petitioner had been a robber since the 1970s and that two sheriff's deputies told Petitioner that "the only thing hurting him was his past."

Each of these grounds is procedurally barred by Petitioner's failure to raise them at any state court proceeding despite the fact that he had the information and assistance necessary to permit him to do so. However, even if these grounds were not procedurally barred they would not provide a basis for federal habeas relief because Petitioner has not established the required degree of prejudice arising from either of these statements. Given the overwhelming nature of the evidence against Petitioner, there is no basis from which the undersigned could conclude that these statements would give rise to a federal due process violation. *See Parker v. Matthews*, ------U.S. -------, 132 S. Ct. at 2153-54; *Jackson*, 443 U.S. at 324.

## IX. Ineffective Assistance of Assistance of Post-Conviction Counsel (Grd13)

Petitioner asserts that post-conviction counsel was ineffective for failing to amend Petitioner's post-conviction motion to include a claim that Petitioner's sentencing counsel was ineffective for not presenting Petitioner's sleep disorder as mitigating evidence at sentencing.

24

As noted above, ineffective assistance of state post-conviction counsel is not a cognizable as an independent claim for purposes of federal habeas review because there is no constitutional right to the assistance of counsel during post-conviction proceedings. *See, e.g., Joseph v. Russell*, 4:11-CV-00326SNLJ, 2014 WL 1303645, at *4 (E.D. Mo. March 31, 2014). Although ineffective assistance of counsel during post-conviction proceedings does not generally establish "cause" for procedural default, *id.* at 755, alleged attorney errors in initial-review collateral proceedings may, in certain instances, qualify as cause for a procedural default. The United States Supreme recently elaborated on this principle as follows:

> The rules for when a prisoner may establish cause to excuse a procedural default . . . reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 2052, 80 L.Ed.2d 674 (1984). *Id.* To overcome the default, a prisoner must also demonstrate that the underlying

ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Id*. at 1318-19 (citing *Miller–El v. Cockrell*, 537 U.S. 322, 123 1029, 154 L.Ed.2d 931 (2003)).

*Martinez v. Ryan*, 132 1309, 1318 (2012) (citations omitted).

"In order for ineffective assistance of counsel to excuse a procedural default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." *Martinez*, 132 at 1318.

But where, as here, a petitioner does not assert that the alleged ineffective assistance of counsel constitutes cause-and-prejudice to excuse procedural default, there is no independent claim based upon the ineffective assistance of post-conviction counsel. *Cowans v. Denney*, No. 14–0447–CV–W–DW–P, 2015 WL 672330, at *3 (W.D. Mo. Feb. 17,2015). On the basis of the foregoing the undersigned also concludes that Ground 13 provides no basis for federal habeas relief

## X.  <u>Conclusion</u>

The undersigned concludes and will recommend that Petitioner's request for federal habeas relief be denied. Furthermore, the undersigned does not believe that

reasonable jurists could find this assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY RECOMMENDED t**hat the petition of Arthur Lee Manning for a writ of habeas corpus pursuant to 28 U.S.C. §.2254 be **DENIED**. (ECF No. 1.). The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356, 357-358 (8th Cir. 1990).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability should not be issued in this case.

Dated this    3ʳᵈ    day of March, 2015.

*Terry I. Adelman*
UNITED STATES MAGISTRATE JUDGE

27