UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR LEE MANNING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV2060 RWS |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Arthur Lee Manning. The Court referred this matter to United States Magistrate Judge Terry I. Adelman for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On March 3, 2015, Judge Adelman filed his recommendation that petitioner's habeas petition should be denied. [Doc. #15]. Petitioner objects to the Report and Recommendation. [Doc. #18]. Petitioner objects to Judge Adelman's determination that Grounds 1-4 and Grounds 6-13 are procedurally defaulted. He also appears to be arguing generally that his claims have merit.

I have conducted a <u>de novo</u> review of all matters relative to petitioner's objections. After careful consideration, I will adopt and sustain Judge Adelman's Report and Recommendation in its entirety. I find that Judge Adelman correctly

decided that petitioner's claims were both procedurally defaulted and meritless. Although Judge Adelman correctly determined that all grounds except Ground 5 were procedurally defaulted, he then proceeded to consider and deny them on the merits. Petitioner fails to address Judge Adelman's conclusions on the underlying merits of his claims, other than his generalized assertion that his claims have merit. As Judge Adelman correctly determined that petitioner's claims lacked merit, I overrule petitioner's objection regarding the procedural default of his claims. To the extent petitioner's objections can be construed as restating his claims for relief, I overrule them for the reasons stated in Judge Adelman's Report and Recommendation.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on March 3, 2015 [#15] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#18] are overruled.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2015.